Matter of Kalba (2021 NY Slip Op 01047)





Matter of Kalba


2021 NY Slip Op 01047


Decided on February 17, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2019-11838

[*1]In the Matter of Stephen E. Kalba, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Stephen E. Kalba, respondent; Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, respondent. (Attorney Registration No. 4708863)



Application pursuant to 22 NYCRR 1240.10 by the respondent Stephen E. Kalba, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 27, 2009, to resign as an attorney and counselor-at-law. In a separate proceeding under Appellate Division Docket No. 2016-07931, by opinion and order of this Court dated August 15, 2018, the respondent was suspended from the practice of law for a period of two years, commencing September 14, 2018 (see Matter of Kalba, 164 AD3d 39).



Catherine A. Sheridan, Hauppauge, NY, for Grievance Committee for the Tenth Judicial District, and Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (one memorandum filed).
Michael S. Ross, New York, NY, for respondent Stephen E. Kalba.



PER CURIAM.


OPINION & ORDER
The respondent Stephen E. Kalba (hereinafter the respondent) has submitted an affidavit sworn to on June 19, 2020, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition both dated September 17, 2019, and that the allegations include at least the following acts of professional misconduct: dishonesty, fraud, deceit or misrepresentation; engaging in conduct prejudicial to the administration of justice; making false statements of fact to a tribunal; and engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 3.3(a)(1) and 8.4(b), (d), and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. Specifically, the petition alleges that (1) on March 9, 2018, the respondent filed an order to show cause in a mortgage foreclosure action entitled U.S. Bank Natl. Assn. v Fuller-Watson, pending in the Supreme Court, Queens County, under Index No. 25063-2008, in which he falsely identified himself as the attorney of record for the defendant Vena Fuller-Watson, when in fact he represented Russell Carbone, to whom Fuller-Watson had granted power of attorney to act on her behalf in, inter [*2]alia, real estate transactions; Fuller-Watson never retained the respondent to represent her; (2) on May 7, 2018, in an action entitled Fuller-Watson v Carbone, pending in the Supreme Court, Queens County, under Index No. 1231-2018, the respondent signed Fuller-Watson's name as the plaintiff on a stipulation of discontinuance and Carbone signed his name as the defendant; the respondent represented Carbone, not Fuller-Watson. The respondent never consulted with Fuller-Watson nor advised her that he had signed her name. Thereafter, the respondent failed to appear in court when Fuller-Watson filed an order to show cause requesting that the stipulation of discontinuance be deemed invalid. The respondent attests that he cannot successfully defend against these allegations.
Additionally, the respondent asserts that he is currently the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, and that the allegations include at least the following acts of professional misconduct: after his suspension became effective on September 14, 2018, he continued to communicate with a former client regarding a legal matter involving the transfer of a deed to real property. He attests that he cannot successfully defend against these allegations.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys.
The respondent states that the Grievance Committees' proceeding and investigation do not include any allegations that he willfully misappropriated or misapplied money or property.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order pursuant to Judiciary Law § 90(6-a) directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee for the Tenth Judicial District and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts contend that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommend its acceptance.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view of the foregoing, on the Court's own motion, the disciplinary proceeding commenced against the respondent by the Grievance Committee for the Tenth Judicial District is discontinued as academic.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and LASALLE, JJ.,concur.
ORDERED that the application of the respondent Stephen E. Kalba, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent Stephen E. Kalba, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent Stephen E. Kalba, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent Stephen E. Kalba, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent Stephen E. Kalba, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that, on the Court's own motion, the disciplinary proceeding initiated by the Grievance Committee for the Tenth Judicial District, based upon the notice of petition and the verified petition, both dated September 17, 2019, is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court